## Seybert, Appellant, *v.* Hay Walker Brick Co.

*Negligence—Master and servant—Death—Duty to give instructions—Directed verdict.*

Where in an action to recover damages for the death of plaintiff's husband, it appeared that at the time of the accident deceased was foreman of a crew engaged in moving a piece of structural steel by means of gas pipe rollers; that the manner in which the work was to be done was left entirely to deceased by defendant's superintendent, and all the appliances and tools necessary for performing the work were available for his use; that when the steel had been partly lowered its weight caused it to skid and fall upon the deceased, killing him; and that deceased had been engaged eight years about defendant's plant and knew how to perform such work, the failure of the defendant to give instructions as to how the work was to be performed was not negligence, and in the absence of other facts from which negligence could be inferred the court did not err in directing a verdict for defendant.

Argued Oct. 1, 1914. Appeal, No. 102, Oct. T., 1914, by plaintiff, from judgment of C. P. Armstrong Co., March T., 1914, No. 21, on directed verdict for defendant in case of Essa Seybert v. Hay Walker Brick Company. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before KING, P. J.

On the trial it appeared that while deceased was directing and assisting in moving a piece of structural steel by means of gas pipes, the weight of the steel caused it to skid and fall on deceased, killing him.

Other facts appear in the opinion of the Supreme Court.

Verdict for defendant by direction of the court and judgment thereon. Plaintiff appealed.

*Error assigned,* among others, was in giving binding instructions for defendant.

*H. A. Heilman* and *C. S. Hulings,* for appellant, cited: Zeskie v. Penna. Coal Co., 241 Pa. 183; Smith v. York Railways Co., 237 Pa. 280; Kearns v. Carnegie Steel Co., 230 Pa. 328; McGeehan v. Hughes, 217 Pa. 121; Wagner v. Jayne Chemical Co., 147 Pa. 475; McGeehan v. Hughes, 223 Pa. 524.

*R. L. Ralston,* with him *J. E. MacCloskey, Jr.,* and *Floy C. Jones,* for appellee, cited: Cunningham v. Ft. Pitt Bridge Works, 197 Pa. 625; Vant v. Roelofs, 217 Pa. 535; Whitley v. Evans, 30 Pa. Superior Ct. 41; Prescot v. Ball Engine Company, 176 Pa. 459; O'Dowd v. Burnham, 19 Pa. Superior Ct. 464; McGeehan v. Hughes, 223 Pa. 524; Custer v. Balto. & Ohio R. R. Co., 206 Pa. 529.

PER CURIAM, October 26, 1914:

A review of the evidence has not convinced us the learned court below erred in directing a verdict for defendant company on the ground the plaintiff failed to show that the company was guilty of negligence which caused the death of her husband. The deceased was the foreman of a crew engaged in removing a piece of structural steel from the brick shed to the pug mill.

The only instruction given him by the defendant's superintendent was to move the steel, and that he would find the gas pipe rollers at or near the blacksmith shop. The manner in which the work was to be done was left entirely to the deceased, and all the appliances and tools necessary for performing the work were available for his use in doing the work. He manifestly made use of such of these appliances as he deemed necessary in removing the steel. If he failed to do so, and it resulted in his injury, his employer is not at fault.

The deceased was not inexperienced in such work and needed no instructions how to perform it. He had been engaged for eight years at various kinds of labor about defendant's plant. He and his crew had unloaded a steam engine and structural steel from cars, including this particular piece of steel, some months prior to the accident resulting in his death. He had also unloaded steel bents and kiln bands and placed them in position, and assisted in placing in position the pans and engines and boilers, the brick machines, the cutters and pug mill. It is apparent that the deceased was fully informed as to the manner of performing the work and knew the dangers incident thereto, and how to avoid them. Instructions were therefore unnecessary and the failure to give them was not negligence.

Judgment affirmed.